JOHN STEPHENSON *vs.* A. W. SMITH & Co.

This court cannot look beyond the record to know the facts of the case, and
unless it appear from the record that the exceptions taken on the trial were
allowed, signed, sealed, and made a part of the record, we cannot notice
them. *Held,* that the bill of exceptions in this case was not sealed, and it
does not appear that it was made a part of the record in this case.

In error from the circuit court of Monroe county; Hon,
F. M. Rogers, judge.

The opinion of the court contains a sufficient statement of
the facts of the case.

*Lindsey & Coop,* for plaintiff in error.

*Herbert,* for defendant in error.

*Per curiam.* Stephenson sued Smith as drawer of a bill
of exchange. A verdict was found for the defendants and a
motion made for a new trial, which was overruled. Whether
the court erred or not in overruling such motion, we cannot
decide from the record before us. The statute which au-
thorizes a writ of error from the refusal of the court to grant
a new trial, provides, that the party "who conceives the
decision contrary to law, may except to the opinion, and
reduce the reasons for such new trial, &c., to writing, and it
shall be the duty of the judge before whom such motion is
made, to allow, sign and seal the same, and to make said bill
of exceptions a part of the record in said cause." Hutch.
Code, 885.

Unless it appear from the record, that the exceptions so
taken were allowed, signed, and sealed, and made a part of
the record, we cannot notice them. That was not done in

this case. The bill of exceptions in this case was not sealed, and it does not appear that it was made by the circuit court a part of the record in the cause.

Let the judgment be affirmed.